NO. 07-02-0311-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 27, 2004

_____


LINDA S. TEAGUE, APPELLANT

V.

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, APPELLEE


_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 88,722-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.


**OPINION**


Appellant Linda Teague appeals a summary judgment denying her workers' compensation supplemental income benefits for one quarter of the year 2000. We affirm the trial court's judgment.

Teague sustained an injury, compensable under the Texas Workers' Compensation Act,[1] in June of 1994. She reached maximum medical improvement as of May 1, 1996, and was assigned an impairment rating of eighteen percent. This entitled her to supplemental income benefits,[2] if she qualified by meeting criteria established by the Act and regulations of the Texas Workers' Compensation Commission (TWCC or Commission). Appellee Insurance Company of the State of Pennsylvania is the workers' compensation insurance carrier for Teague's employer.

Supplemental income benefits under the Act are calculated quarterly.[3] An injured worker's eligibility for supplemental income benefits during a quarter is determined in part by events during a preceding 13-week "qualifying period."[4]

Following a contested case hearing, the TWCC benefit hearing officer concluded that Teague was not entitled to supplemental income benefits for the quarter in question because she did not comply with Section 130.102(e)[5] of the TWCC regulations by looking for employment every week of the qualifying period. A TWCC appeals panel affirmed the decision. Teague then sought judicial review by the district court of the appeals panel's

---

[1]Tex. Lab. Code Ann. §§ 401.001-.024 (Vernon 1996 & Supp. 2004).

[2]Tex. Lab. Code Ann. §§ 408.141-.151 (Vernon 1996 & Supp. 2004) and TWCC regulations found at 28 Tex. Admin. Code §§ 130.100-.110, govern awards of supplemental income benefits. Section 130.102 of the TWCC regulations is entitled Eligibility for Supplemental Income Benefits; Amount. 28 Tex. Admin. Code § 130.102 (2003).

[3]Tex. Lab. Code Ann. § 408.144; 28 Tex. Admin. Code §§ 130.103-.104.

[4]28 Tex. Admin. Code § 130.101(4) (defining "qualifying period").

[5]28 Tex. Admin. Code § 130.102(e).

determination. Appellee filed a motion for summary judgment, which the trial court granted. This appeal followed.

The facts are not in dispute. The parties agree Teague did not look for work during two weeks of the qualifying period because she was in Idaho attending her daughter during illness. The parties disagree only on the issue of whether that failure to seek employment for two weeks during the qualifying period disqualified her for benefits for the subsequent quarter.  As movant for summary judgment, appellee has the burden of showing that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985).

As applicable to Teague, among other conditions, the Act requires a claimant for supplemental income benefits to attempt in good faith to obtain employment commensurate with the claimant's ability.  Tex. Lab. Code Ann. § 408.142(a)(4).  Section 130.102 of the Commission's regulations implements that requirement.[6]  Sections 130.102(d) and (e) deal directly with what is there referred to as the "good faith effort" to obtain employment.[7]

---

[6]The Legislature has directed the TWCC to adopt rules as necessary for the implementation and enforcement of the Workers' Compensation Act.  Tex. Lab. Code Ann. § 402.061 (Vernon 1996).

[7](d) Good Faith Effort. An injured employee has made a good faith effort to obtain employment commensurate with the employee's ability to work if the employee:

> (1) has returned to work in a position which is relatively equal to the injured employee's ability to work;

> (2) has been enrolled in, and satisfactorily participated in, a full time vocational rehabilitation program sponsored by the Texas Rehabilitation Commission during the qualifying period;

(3) has during the qualifying period been enrolled in, and satisfactorily participated in, a full time vocational rehabilitation program provided by a private provider that is included in the Registry of Private Providers of Vocational Rehabilitation Services;

(4) has been unable to perform any type of work in any capacity, has provided a narrative report from a doctor which specifically explains how the injury causes a total inability to work, and no other records show that the injured employee is able to return to work; or

(5) has provided sufficient documentation as described in subsection (e) of this section to show that he or she has made a good faith effort to obtain employment.

(e) Job Search Efforts and Evaluation of Good Faith Effort. Except as provided in subsection (d)(1), (2), (3), and (4) of this section, an injured employee who has not returned to work and is able to return to work in any capacity shall look for employment commensurate with his or her ability to work every week of the qualifying period and document his or her job search efforts. In determining whether or not the injured employee has made a good faith effort to obtain employment under subsection (d)(5) of this section [Section 130.102] the reviewing authority shall consider the information from the injured employee, which may include, but is not limited to information regarding:

(1) number of jobs applied for throughout the qualifying period;
(2) type of jobs sought by the injured employee;
(3) applications or resumes which document the job search efforts;
(4) cooperation with the Texas Rehabilitation Commission;
(5) cooperation with a vocational rehabilitation program provided by a private provider that is included with the Registry of Private Providers of Vocational Rehabilitation Services;
(6) education and work experience of the injured employee;
(7) amount of time spent in attempting to find employment;
(8) any job search plan by the injured employee;
(9) potential barriers to successful employment searches;

(10) registration with the Texas Workforce Commission; or
(11) any other relevant factor.

28 Tex. Admin. Code § 130.102(d),(e).

disqualify her for supplemental income benefits merely because of her failure to seek employment every week of the qualifying period. She argues Section 130.102 anticipates that circumstances may well prevent an injured employee from seeking work every week, pointing to Section 130.102(e)(11), by which the reviewing authority is to consider "any other relevant factor" when making the determination whether the claimant has made the requisite good faith effort. Teague argues the requirement that a claimant look for employment every week of the qualifying period should not be read as absolute but should be read in the context of the entirety of Section 130.102(e). Teague emphasizes that her effort to seek work during the qualifying period otherwise would be considered adequate to maintain her qualification for supplemental income benefits,[8] and contends her reason for not seeking work during the two weeks she was out of state helping her ill child should be considered as a relevant factor in determining whether she put forth a good faith effort to find employment during the qualifying period.

Teague quotes a dissenting TWCC appeals panel opinion which argues that the provision was not intended to disqualify a worker who makes a good faith search but misses a week or two. Appeals Panel No. 000914, 2000 TX Wrk. Comp. LEXIS 2207. Teague provides no other authority for an exception to the "every week" requirement in Section 130.102(e).

---

[8]Teague notes, for instance, the finding by the TWCC hearing officer that she documented 53 "job contacts"during the qualifying period, and completed an employment application or left a resume at each contact.

Appellee contends the clear mandate of Section 130.102(e) that a claimant seek employment every week of the qualifying period is separate and distinct from the provisions implementing the good faith effort requirement. Appellee reads the eleven factors listed in the latter part of 130.102(e) as dealing with the quality of a claimant's effort, and not as modifying the requirement that the effort take place every week. Appellee thus argues the TWCC hearing officer and appeals panel were correct in finding that Section 103.102 does not permit an exception to the requirement that the claimant seek work each week.

We construe the TWCC's administrative rules in the same manner as statutes, having as our primary objective to give effect to the intent of the TWCC. *See Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999); *see Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976). Unless the rule is ambiguous, we follow the rule's clear language. *Rodriquez*, 997 S.W.2d at 254; *see Republicbank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985).

We do not find support for Teague's contention in the language of the rule. Section 130.102(e) plainly states the requirement that a claimant's good faith effort must involve a search for employment every week of the qualifying period, and nothing in the wording of 130.102(e) or elsewhere in Section 130.102 suggests that requirement may be excused or overridden by other factors. Teague's reading of Section 130.102(e) would effectively reduce the "every week" requirement merely to one of the factors to be considered in the determination whether the claimant has engaged in a good faith effort to seek employment. The language of the rule does not permit such a reading.

Further, the Commission's explanation of Section 130.102, given when the rule was published in the Texas Register, and the Commission's responses to public comment it received about the rule, speak directly to the Commission's intent concerning the "every week" requirement. Tex. Gov't Code Ann. §§ 2001.023-.030 (Vernon 2000)*; see Rodriguez,* 997 S.W.2d at 254 (referring to the information published in the Texas Register as the "best source" concerning the agency's rulemaking intent). The Commission provided this explanation of Section 130.102(e) when it was adopted:

> "New § 130.102(e) provides guidance to reviewing authorities by listing facts which shall be considered when presented in reviewing job search efforts. Further, this subsection places an affirmative responsibility on the injured employee to look for work every week of a qualifying period during which the employee is able to perform any type of work."

24 Tex. Reg. 399 (1999). In its summary of public comments received on the proposed rules, the Commission referred to a comment suggesting Section 130.102(e) could lead to unnecessarily harsh results. The comment gave as an example an injured employee who did not look for work because of the death of a family member. It was suggested the rule be revised to prorate the benefits based on the number of weeks in the qualifying period the claimant sought employment. The Commission disagreed, stating the statute did not provide for prorated benefits, and further stating that "an injured employee is either entitled or not entitled to benefits for the particular quarter, based on whether or not the injured employee met the entitlement criteria during the qualifying period." 24 Tex. Reg. 399.

The requirement that a claimant for supplemental income benefits seek employment every week of the qualifying period is one of those criteria. Teague, in order to satisfy the

good faith effort criterion necessary to maintain her qualification for supplemental income benefits, was obligated to search every week for work commensurate with her ability to work. That she did not do so disqualified her as a matter of law for such benefits for the affected quarter. Tex. Lab. Code Ann. § 130.102(e).

Teague's sole issue is overruled. The judgment of the trial court is affirmed.

James T. Campbell
Justice