

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-165-CV

TEXAS MUTUAL INSURANCE COMPANY

APPELLANT

V.

LAHONDA BAKER

APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

This case arises from a workers' compensation award of supplemental income benefits (SIBs) and attorneys' fees to appellee Lahonda Baker. In ten issues, appellant Texas Mutual Insurance Company challenges a jury's determination that Baker is entitled to SIBs and the trial court's order granting attorneys' fees to Baker. We will affirm in part and reverse in part.

## II. BACKGROUND

Baker was injured on February 13, 2001, while employed and working for a packaging company. Texas Mutual provided workers' compensation insurance coverage for the packaging company. Both parties agree that Baker sustained a compensable injury in the course and scope of her employment that resulted in a 17% impairment rating. Baker sought SIBs for eight consecutive quarters from Texas Mutual. These quarters ranged from June 15, 2003, to June 11, 2005.[1] Following a benefit review conference and contested case hearing, the Texas Workers' Compensation Commission's[2] (Commission) hearing officer concluded that Baker was not entitled to SIBs for any of the relevant quarters because Baker did not make a good faith effort to find employment and because there existed credible records that demonstrated

---

[1] SIBs are calculated quarterly, and an injured worker's eligibility for SIBs for a quarter is determined by events during the preceding thirteen-week qualifying period. Tex. Lab. Code Ann. § 408.144 (Vernon 2005); 28 Tex. Admin. Code § 130.102 (last amended 1999) (Tex. Dep't of Ins., Eligibility for Supplemental Income Benefits; Amount); 28 Tex. Admin. Code § 130.103 (last amended 1999) (Tex. Dep't of Ins., Determination of Entitlement or Non-entitlement for the First Quarter); 28 Tex. Admin. Code § 130.104 (adopted to be effective 1999) (Tex. Dep't of Ins., Determination of Entitlement or Non-entitlement for Subsequent Quarters).

[2] Effective September 1, 2005, the Texas Workers' Compensation Commission is now the Texas Department of Insurance, Division of Workers' Compensation. *See* Tex. Lab. Code Ann. § 402.001 (Vernon 2006).

2

Baker had "some ability to work." A Commission appeals panel affirmed the decision.

Baker then sought judicial review of the Commission's determination. The case was tried to a jury, which awarded SIBs to Baker for the Fourth, Fifth, Sixth, Seventh, and Eighth Quarters. The jury determined that Baker possessed no ability to work during the Fourth, Fifth, and Sixth Quarters and that Baker had made a good faith effort to find employment during the Seventh and Eighth Quarters. Baker then filed a motion with the trial court seeking attorneys' fees. The trial court granted the motion and ordered Texas Mutual to pay $26,848.90 in attorneys' fees to Baker. This appeal followed.

## III. DISCUSSION

### A. Attorneys' Fees

In its first issue, Texas Mutual argues that the trial court erred by awarding attorneys' fees and expenses to Baker under section 408.147(c) of the labor code. Tex. Lab. Code Ann. § 408.147(c) (Vernon 2006). We agree.

It is a longstanding principle in Texas that attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996); *New Amsterdam Cas. Co. v. Texas Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967). The authorization of

3

attorney's fees in civil cases may not be inferred; rather, it "must be provided for by the express terms of the statute in question." *Mayfield*, 923 S.W.2d at 593 (quoting *First City Bank-Farmers Branch v. Guex*, 677 S.W.2d 25, 30 (Tex. 1984)).

Generally, attorney's fees in a workers' compensation case are payable out of the claimant's recovery. *Mayfield*, 923 S.W.2d at 593. But the court in *Mayfield* recognized that section 408.147(c) provides for an exception to the general rule if "an insurance carrier unsuccessfully challenges a Commission order awarding supplemental income benefits." *Id.* The question this court is presented with is whether the section 408.147(c) exception applies in cases in which the employee, rather than the insurance carrier, disputes the Commission's finding that the employee is not eligible for SIBs.

Section 408.147 of the Workers' Compensation Act provides the following:

**§ 408.147.**          **Contest of Supplemental Income Benefits by Insurance Carrier; Attorney's Fees**

(a) An insurance carrier may request a benefit review conference to contest an employee's entitlement to supplemental income benefits or the amount of supplemental income benefits.

(b) If an insurance carrier fails to make a request for a benefit review conference within 10 days after the date of the expiration of the impairment income benefit period or within 10 days after receipt of the employee's statement, the insurance carrier waives the right to contest entitlement to supplemental income benefits

4

and the amount of supplemental income benefits for that period of supplemental income benefits.

(c) If an insurance carrier disputes the commissioner's determination that an employee is entitled to supplemental income benefits or the amount of supplemental income benefits due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute and for supplemental income benefits accrued but not paid and interest on that amount, according to Section 408.064 [Interest on Accrued Benefits]. Attorney's fees awarded under this subsection are not subject to Sections 408.221(b), (f), and (i) [which place limitations on the award of attorney's fees].

Tex. Lab. Code Ann. § 408.147.

Because statutory construction is a question of law, we review the trial court's action de novo. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989); *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ denied). To be sure, we should liberally construe the Workers' Compensation Act in favor of the injured worker, but a strained or narrow construction of section 408.147(c) would be improper. *See Kroger Co. v Keng*, 23 S.W.3d 347, 349 (Tex. 2000) (holding that strained or narrow construction of section 406.033 of Workers' Compensation Act would be improper); *Tex. Employers Ins. Ass'n v. Duree*, 798 S.W.2d 406, 409 (Tex. App.—Fort Worth 1990, writ denied) (en banc op. on reh'g) (acknowledging that Workers' Compensation Act should be liberally construed in favor of

5

claimant).  The primary rule of statutory construction is to ascertain and give effect to the legislature's intent.  Tex. Gov't Code Ann. § 312.005 (Vernon 2005); *Kroger*, 23 S.W.3d at 349.  And we ascertain the legislature's intent by the plain and common meaning of the words used.  Tex. Gov't Code Ann. § 311.011 (Vernon 2005); *Kroger*, 23 S.W.3d at 349.

This court has addressed section 408.147(c) before.  *See Liberty Mut. Ins. Co. v. Montana*, 49 S.W.3d 599, 601 (Tex. App.—Fort Worth 2001, no pet.).  In *Montana*, an employee sought judicial review of the Commission's determination that the employee was not entitled to SIBs for the Sixth and Seventh Quarters after the Commission initially determined the employee was eligible for SIBs.  *Id*. at 600–01.  A jury found that the employee was unable to work during the requisite qualifying periods, and the trial court, accordingly, entered a judgment awarding the employee SIBs for those quarters.  *Id*.  The trial court also awarded attorney's fees and expenses to the employee under section 408.147(c).  *Id*.  The insurance carrier appealed, claiming that the statute did not allow attorney's fees for an employee any time an employee challenged the Commission's determination concerning the claimant's entitlement to SIBs.  *Id*. at 602.  This court held that "the plain language of the statute authorizes an award of attorney's fees in any case where the Commission initially awards SIBs and the carrier later disputes that award as

6

long as the employee eventually prevails on 'any disputed issue.'" *Id*. at 604. But this court's holding in *Montana* was predicated on the Commission's having *initially* determined that the employee was eligible for SIBs and the insurance carrier's having later disputed the employee's entitlement to SIBs for subsequent compensable quarters. *Id.* This present case is distinguishable.

In this case, it is the employee, Baker, who has contested the Commission's initial and continued determination that she was not entitled to SIBs. In cases like this one, we agree with our sister court in El Paso that when an *employee* disputes the Commission's finding and there has never been an initial determination by the Commission that the employee is entitled to SIBs, there exists "no provision for the recovery of attorney's fees [under 408.147(c)]." *Home Ins. Co. v. Garcia*, 74 S.W.3d 52, 60 (Tex. App.—El Paso 2002, no pet.). Just as the plain language of the statute authorizes an award of attorney's fees to an employee who prevails on any disputed issue in cases in which the Commission initially awards SIBs and the insurance carrier later disputes that award, the statute is equally clear and unambiguous that attorney's fees are not recoverable when the employee disputes an initial Commission finding that the employee is not entitled to SIBs. *Compare Montana*, 49 S.W.3d at 604 (holding that section 408.137(c) permits the recovery of attorney's fees when the Commission makes an initial determination

7

that the employee is entitled to SIBs and the insurance carrier later disputes the employee's entitlement for subsequent quarters), *with Garcia*, 74 S.W.3d at 60 (holding that section 408.137(c) does not permit the recovery of attorney's fees when the employee disputes a Commission finding).  Thus, we hold that the trial court erred by awarding attorney's fees to Baker and sustain Texas Mutual's first issue.

## B. Baker's Entitlement to Supplemental Income Benefits

In its remaining nine issues, Texas Mutual argues that the trial court erred by entering judgment, based on the jury's verdict, that Baker was entitled to SIBs.

### 1. Fourth Quarter SIBs

In its second issue, and in parts of its seventh, eighth, ninth, and tenth issues, Texas Mutual contends that Baker was not entitled to SIBs for the Fourth Quarter.  In these issues, Texas Mutual asserts three basic arguments. First, Texas Mutual argues that Baker failed to establish a statutory prerequisite to the jury's finding that Baker had no ability to return to work.  Second, Texas Mutual argues that Baker failed to "provide a 'narrative report' showing her inability to work during the Fourth Quarter."  Third, Texas Mutual argues that the evidence is legally and factually insufficient to support the jury's finding that

8

Baker had no ability to work during the Fourth Quarter's qualifying period. We disagree.

### a. Records indicating Baker could work during the Fourth Quarter

Texas Mutual contends that Baker cannot recover SIBs for the Fourth Quarter because "eight other records showing" that Baker had an ability to work during the quarter were presented to the jury. Texas Mutual's argument is that chapter 28, section 130.102(d)(4) of the Texas Administrative Code clearly dictates that an injured employee cannot receive SIBs if other records show that the injured employee is able to return to work. *See* 28 Tex. Admin. Code § 130.102(d)(4); *see also Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999) (reasoning that when administrative rules, which have the same force as statutes, are clear and unambiguous, a court will follow the rules' clear language). Texas Mutual further contends that eight different medical records indicating that Baker had an ability to work during the Fourth Quarter were introduced and presented to the jury. Therefore, Texas Mutual argues, Baker cannot satisfy her burden that "no other records" demonstrate she had an ability to work during the qualifying period for the Fourth Quarter.

Baker counters, among other retorts, that none of the records Texas Mutual relies on for their argument is dated within the relevant qualifying period for determining whether Baker was entitled to SIBs for the Fourth Quarter.

9

Thus, Baker argues, the jury "could reasonably and properly have disregarded these reports." We agree with Baker.

The qualifying period for the Fourth Quarter SIBs was March 14, 2004, through June 12, 2004. None of the records on which Texas Mutual relies for its argument is from that qualifying time period. We overrule this portion of Texas Mutual's second, seventh, eighth, ninth, and tenth issues.

### b. Narrative report concerning Baker's injuries

Tex0as Mutual also contends that Baker failed to provide a narrative report showing her inability to work during the Fourth Quarter. For this argument, Texas Mutual cites the Texas Administrative Code and multiple Commission Appeals Panel decisions for the proposition that generalized treatment notes are insufficient to meet the prerequisite of a narrative report to be entitled to SIBs. *See* 28 Tex. Admin. Code § 130.102(d)(4); *see also* Tex. Workers' Comp. Comm'n, Appeal No. 010897, 2001 WL 1461580, at *2 (2001); Tex. Workers' Comp. Comm'n, Appeal No. 080850, 2008 WL 4176920 at *2 (Aug. 5, 2008). The gist of Texas Mutual's argument is that Baker offered only general "treatment notes" that did not sufficiently explain the causation between Baker's injuries and her alleged inability to work during the Fourth Quarter.

10

Baker responds that she satisfied the "narrative report" requirement by admitting into evidence her treating doctor's letters and treatment notes. To buttress her position, Baker also admitted into evidence the contested case hearing officer's decision which specifically stated that Baker's treating doctor's "letters and medical notes [qualified] as 'a narrative report from a doctor which specifically explains how the injury causes a total inability to work.'" Baker contends that the hearing officer's decision is consistent with other Appeals Panel decisions in which a doctor's progress notes and testimony were considered sufficient to meet the narrative report requirement. *See* Tex. Workers' Comp. Comm'n, Appeal No. 012527, 2001 WL 36099628, at *2 (Dec. 11, 2001). We agree with Baker.

The fact that the hearing officer made this specific finding in his decision and that the decision was admitted into evidence at trial is evidence sufficient to support the jury's determination that Baker had satisfied the narrative report requirement. We overrule this portion of Texas Mutual's second, seventh, eighth, ninth, and tenth issues.

### c. Sufficiency of the Evidence

Texas Mutual ultimately asserts that the evidence is legally and factually insufficient to support the jury's determination that Baker had "no ability" to work during the Fourth Quarter qualifying period. This argument, however, is

11

predicated on Texas Mutual's argument that Baker had failed to meet the "no other records" requirement. Having disposed of that issue against Texas Mutual, we overrule the remaining portion of its second, seventh, eighth, ninth, and tenth issues.

### 2. Four Consecutive Quarter Rule

In its third issue, Texas Mutual argues that Baker is not entitled to SIBs at all. Texas Mutual's argument is that under section 130.106 of the Texas Administrative Code, a workers' compensation claimant who is not entitled to SIBs for a period of four consecutive quarters permanently loses any entitlement to SIBs. *See* 28 Tex. Admin. Code § 130.106 (adopted to be effective 1999) (Tex. Dep't of Ins., Permanent Loss of Entitlement to Supplemental Income Benefits). Texas Mutual's third issue is predicated on this court's having sustained its second issue. Because we overruled Texas Mutual's second issue, we also overrule its third issue.

### 3. Baker's entitlement to SIBs for the Seventh and Eighth Quarters

In its sixth issue, Texas Mutual argues that the evidence is legally and factually insufficient to support the jury's determination that Baker is entitled to SIBs for the Seventh and Eighth Quarters because Baker failed to search for employment every week during the qualifying periods. Baker counters that she was not required to search for employment every week during the qualifying

12

periods for the Seventh and Eighth Quarters; rather, Baker argues that the evidence is legally and factually sufficient to demonstrate that she satisfied the good faith effort requirement to obtain employment during the qualifying periods. We agree with Baker.

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and

weighing all of the evidence in the record pertinent to that finding, we determine that the evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

In order to be entitled to SIBs, an "injured employee who has not returned to work and is able to return to work in any capacity shall look for employment commensurate with his or her ability to work every week of the qualifying period and document his or her job search efforts." 28 Tex. Admin. Code § 130.102(e); *Teague v. Ins. Co. of State of Pa.,* 144 S.W.3d 607, 611 (Tex. App.—Amarillo 2004, no pet.) (holding that in order to satisfy the good faith effort criterion necessary to maintain qualification for SIBs, a claimant is obligated to search every week for work commensurate with claimant's ability to work). The Commission Appeals Panel has noted that a claimant can satisfy this requirement by demonstrating that the claimant had no ability to work for part of the qualifying period and by conducting a good faith job search in the other part of the qualifying period. *See* Tex. Workers' Comp. Comm'n, Appeal No. 001777, 2000 WL 1573129, at *2 (Sept. 18, 2000). In order to prevail under this theory, the claimant must produce evidence that establishes the

requirements of section 130.102(d)(4) specific to the portion of the qualifying period in which no ability to work is claimed. 28 Tex. Admin. Code § 130.102(d). That is, the claimant must produce a narrative report that explains how the injury causes a total inability to work, and no other record can show that the claimant had some ability to work in the part of the qualifying period during which the claimant asserts she had no ability to work. Tex. Workers' Comp. Comm'n, Appeal No. 001777, 2000 WL 1573129, at *2 (Sept. 18, 2000).

In this case, Baker offered evidence consisting of her medical records, and letters and medical notes from her treating physician, indicating that she was unable to work in any capacity during the qualifying periods pertaining to the Seventh and Eighth Quarters. Moreover, there was evidence presented at trial that Baker did look for employment for all but the initial weeks of the Seventh Quarter qualifying period and an eight-day stretch during the Eighth Quarter qualifying period.

The jury could have reasonably found that Baker either was not able to work in any capacity for the entire qualifying periods or reasonably determined that Baker's medical records and her search for employment showed that Baker had no ability to work for part of the qualifying periods and conducted a good faith job search in the other part of the qualifying periods "commensurate with

15

. . . her ability to work." *See* 28 Tex. Admin. Code § 130.102(e); *see also* Tex. Workers' Comp. Comm'n, Appeal No. 022558, 2002 WL 31856238, at *1 (Nov. 25, 2002) (recognizing that a claimant may satisfy the good faith requirement under a "hybrid theory" whereby the claimant demonstrates no ability to work for part of the qualifying period and by conducting a good faith job search in the other part of the qualifying period). Furthermore, Texas Mutual has not pointed to any evidence in the record to show that the jury's determination is so contrary to the overwhelming weight of all the evidence that it should be set aside and a new trial ordered. We overrule Texas Mutual's sixth issue.

## IV. CONCLUSION

Having sustained Texas Mutual's first issue, we reverse the trial court's judgment awarding attorneys' fees to Baker and render judgment that Texas Mutual not pay Baker's attorneys' fees. Having overruled Texas Mutual's issues two through nine, we affirm the remainder of the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: CAYCE, C.J.; MCCOY and MEIER, JJ.

MCCOY, J. concurs without opinion.

DELIVERED: July 23, 2009

16