# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00215-CV

**Law Offices of Miller & Bicklein, PC and Daniel Miramontes, Appellants**

**v.**

**Ace American Insurance Company, Appellee**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-004813, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case involves the question of how attorney's fees should be awarded in certain workers compensation act cases for supplemental income benefits. Because the appellants did not challenge the final judgment awarding fees out of their recovery, we affirm.

In January 2011, Daniel Miramontes sustained a workplace injury compensable under the Texas Workers' Compensation Act. His impairment rating was assessed at fifteen percent or more, which means he is entitled to claim supplemental income benefits. *See* 28 Tex. Admin. Code § 130.102 (2018) (Tex. Dep't of Ins., Eligibility for Supplemental Income Benefits; Amount) (outlining eligibility and requirements for supplemental income benefits); *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 514 (Tex. 1995) ("Supplemental income benefits provide long-term disability compensation" and are payable "only if the claimant has an impairment rating of 15 percent or more and is earning less than 80% of his or her preinjury average weekly wage as a direct result of the injury."); *see generally* Tex. Lab. Code §§ 408.141–

.151 (Workers' Compensation Benefits, Subchapter H: Supplemental Income Benefits). However, like all qualified claimants, Miramontes must establish his eligibility for these benefits with the applicable insurance carrier every quarter. *See* 28 Tex. Admin. Code § 130.104(a) (2009) (Tex. Dep't of Ins., Determination of Entitlement or Non-entitlement for Subsequent Quarters) ("After the Division [of Workers' Compensation] has made a determination of entitlement or non-entitlement for supplemental income benefits for the first quarter, the insurance carrier shall make determinations for subsequent quarters."); *Garcia*, 893 S.W.2d at 514 (noting that supplemental income benefits are "recalculated every quarter").

Miramontes and Ace American Insurance Company disagreed about his entitlement to supplemental income benefits for four quarters in 2016 and 2017. An administrative-law judge for the Division of Workers' Compensation entered an order concluding that Miramontes was not entitled to supplemental income benefits for any of the four disputed quarters, and an appeals panel of the Division of Workers' Compensation affirmed. *See* Tex. Lab. Code §§ 410.151 (discussing claimant's entitlement to contested-case hearing before administrative-law judge), .202 (providing process for claimant to appeal decision of administrative-law judge). Miramontes sought judicial review and secured a jury verdict that he was entitled to supplemental income benefits for all four contested quarters. *See id.* §§ 410.251–.308 (providing terms for judicial review following exhaustion of administrative remedies); *Garcia*, 893 S.W.2d at 515 (noting that "final decision may be appealed to the courts under what might best be described as modified de novo review"). The final judgment further awarded to Miramontes's attorneys, the Law Offices of Miller & Bicklein, $80,215.42 in fees and expenses for work performed from January 2018 through November 2022. But the order stated that "[t]his judgment does not tax [Miramontes's] attorney fees and expenses against Defendant." Neither

2

Miramontes nor Ace American Insurance Company appealed that final judgment, which was signed on December 26, 2022.

In August 2023, Miramontes and the Law Offices of Miller & Bicklein (collectively, Appellants) filed a claim for attorney's fees with the Division of Workers' Compensation, seeking "an order assessing the fees previously awarded to the Plaintiff Law Offices of Miller & Bicklein, PC to be paid by the Defendant [Ace American Insurance Company] instead of from the benefits of the Plaintiff Daniel Miramontes." Among other things, the January 2024 final administrative decision concluded that the Division of Workers' Compensation "does not have jurisdiction over the award of $80,215.42 of attorney fees that was ordered by Final Judgment" in the prior suit. The decision explained:

> The claimant and his firm are asking the judge to determine and award fees and expenses which were accumulated during the litigation of this claim in district court. On December 26, 2022, the district court judge signed a Final Judgment awarding fees and expenses in the amount of $80,215.42. The Final Judgment noted that this amount would not be assessed against the insurance carrier. Any disagreement with the Final Judgment would need to be appealed to a court of competent jurisdiction, which, in this case, the Division is not. Therefore, the Division does not have jurisdiction to determine the award of fees previously determined by district court judgment.

An administrative appeals panel affirmed. In April 2024, Appellants filed an original petition in district court appealing those decisions. Ace American Insurance Company filed a traditional motion for summary judgment, arguing that because Miramontes failed to appeal the December 2022 final judgment, the Division of Workers' Compensation lacked jurisdiction to review its attorney's fees award. After a hearing, the trial court granted the motion and dismissed Appellants' claims.

3

On appeal, Appellants contend that the district court lacked jurisdiction over the attorney's fees issue until after Miramontes made a claim for attorney's fees with the Division of Workers' Compensation—which, they maintain, Miramontes could not do until after he had a final determination as to his supplemental income benefits eligibility in the December 2022 final judgment. That is, Appellants maintain that once Miramontes established his entitlement to supplemental income benefits at the district court level, he then had to return to the Division of Workers' Compensation to make an administrative claim for attorney's fees in the first instance. But neither the statute nor caselaw Appellants urge in their favor supports their position.

Appellants argue that under Section 408.147(c), the attorney's fees issue "must go back and be presented to the [Division of Workers' Compensation]." But that statute provides:

> If an insurance carrier disputes the commissioner's determination that an employee is entitled to supplemental income benefits or the amount of supplemental income benefits due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute and for supplemental income benefits accrued but not paid and interest on that amount, according to Section 408.064.

Tex. Lab. Code § 408.147(c). This statute is an exception to the general rule that attorney's fees in a workers' compensation case are paid out of the claimant's recovery. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). But Section 408.147(c) is inapplicable to this case because Ace American Insurance Company did not dispute the administrative determination that Miramontes is entitled to supplemental income benefits or the amount thereof; Miramontes contested the initial determination that he was not entitled to supplemental income benefits. *See Texas Mut. Ins. Co. v. Baker*, 292 S.W.3d 798, 803 (Tex. App.—Fort Worth 2009, no pet.) ("[Section 408.147(c)] is equally clear and unambiguous that attorney's fees are not

4

recoverable when the employee disputes an initial Commission finding that the employee is not entitled to [supplemental income benefits].").

Contrary to Appellants' arguments otherwise, cases interpreting attorney's fees issues in supplemental income benefits cases conclude that the attorney's fees issue may be decided at the district court's judicial review level, as it was here. *See Texas Prop. & Cas. Guar. Ass'n v. National Am. Ins.*, 208 S.W.3d 523, 533–35 (Tex. App.—Austin 2006, pet. denied) (discussing issues on review before trial court in workers' compensation administrative appeal, including attorney's fees disputes); *see, e.g.*, *Cigna Ins. Co. of Tex. v. Middleton*, 63 S.W.3d 901, 902 (Tex. App.—Eastland 2001, pet. denied) (reviewing attorney's fees award on appeal from supplemental income benefits case); *cf. Baker*, 292 S.W.3d at 803 (concluding trial court erred by awarding claimant attorney's fees under Section 408.147(c) when claimant, not insurance carrier, disputed initial supplemental income benefits determination); *Home Ins. v. Garcia*, 74 S.W.3d 52, 59–60 (Tex. App.—El Paso 2002, no pet.) (same). Because Miramontes did not appeal the December 2022 final judgment, including its provision that it "does not tax [Miramontes's] attorney fees and expenses against Defendant," it became final. *See Engelman Irrigation Dist. v. Shields Bros.*, 514 S.W.3d 746, 750 (Tex. 2017) (discussing finality of judgments). The trial court correctly concluded that the Division of Workers' Compensation lacks jurisdiction to alter Miramontes's December 2022 attorney's fees award.[1]

We affirm the trial court's judgment dismissing Appellants' claims.

---

[1] Miramontes does not characterize his suit as a collateral attack against a void judgment, which may be brought at any time, nor does he suggest that the underlying judgment is void. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271–72 (Tex. 2012) (defining void judgment as when "court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act," and noting that void judgment can be collaterally attacked at any time).

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed:   September 4, 2025