**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**J.J. MONTANA, Appellee.**

No. 2–00–034–CV.

Court of Appeals of Texas, Fort Worth.

June 14, 2001.

Shannon, Gracey, Ratliff & Miller, L.L.P., Joseph W. Spence and Lori R. Thomas, Fort Worth, for Appellant.

Norman Darwin, Norman Darwin, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; HOLMAN, J.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION

CAYCE, Justice.

This suit arises from a workers' compensation award of supplemental income benefits and attorney's fees to appellee J.J. Montana. In a single point, appellant Liberty Mutual Insurance Company appeals the trial court's order granting attorney's fees to Montana and asks us to determine whether section 408.147(c) of the labor code permits recovery of attorney's fees when the Texas Workers' Compensation Commission has made an initial determination that the claimant is entitled to supplemental income benefits and the insurance carrier later disputes the claimant's entitlement for subsequent quarters. *See* TEX. LAB.CODE ANN. § 408.147(c) (Vernon 1996). We hold that the statute permits the recovery of attorney's fees in such circumstances and will affirm.

Montana injured his back on January 20, 1993, while in the course and scope of his employment with Edwards Aerospace, Inc. Liberty Mutual was Edwards Aerospace's workers' compensation carrier. The Texas Workers' Compensation Commission (the "Commission") is the agency that administers the labor code's provisions on workers' compensation benefits. On May 21, 1996, the Commission made an initial determination awarding Montana supplemental income benefits ("SIBs").[1] Thereafter, Liberty Mutual paid SIBs to Montana for the first through fifth compensable quarters. Liberty Mutual sought a benefit re-

---

1. A worker is entitled to SIBs if the following criteria are satisfied: (1) the worker has an impairment rating of fifteen percent or more; (2) the worker has not returned to work or is earning less than eighty percent of his average weekly wage as a direct result of the impairment; (3) the worker has not elected to receive a lump sum of impairment income benefits; and (4) the worker has made a good faith attempt to obtain employment commensurate with his ability to work. TEX. LAB.CODE ANN § 408.142(a) (Vernon 1996).

view conference for the sixth and seventh compensable quarters because it believed that Montana could work in a light duty capacity with certain medical restrictions and that Montana had not sought appropriate employment. *See* 28 TEX. ADMIN. CODE § 130.104(f) (2001), <http://www.sos. state. tx.us/tac/ 28/II/130/ 130.104(f).html> (allowing carrier to seek benefit review conference when carrier determines that employee has lost entitlement to SIBs).

On October 15, 1997, the parties participated in a benefit review conference, but they were unable to reach an agreement as to Montana's entitlement to SIBs for the sixth and seventh compensable quarters. The matter proceeded to a contested case hearing, in which the hearing officer determined that Montana was not entitled to SIBs for the sixth and seventh compensable quarters. Montana appealed the hearing officer's decision to the Commission Appeals Panel. The Appeals Panel affirmed the hearing officer's decision.

Montana sought judicial review of the Appeals Panel's decision by filing suit in the 352nd District Court of Tarrant County, Texas. A jury found that Montana was unable to work during the qualifying periods for the sixth and seventh compensable quarters. The trial court, accordingly, entered a judgment awarding Montana SIBs for those compensable quarters and attorney's fees and expenses under section 408.147(c) of the labor code. Liberty Mutual only appeals the portion of the trial court's judgment that awarded attorney's fees to Montana.

■■■ Because statutory construction is a question of law, we review the trial court's action de novo. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex. 1989); *State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex.App.—Fort Worth 1996, writ denied). The primary rule of statutory construction is to ascertain and

give effect to the legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998); *Kroger Co. v. Keng,* 23 S.W.3d 347, 349 (Tex.2000). We ascertain the legislature's intent in the plain and common meaning of the words used. TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998); *Kroger,* 23 S.W.3d at 349. Because we should liberally construe the Workers' Compensation Act in favor of the injured worker, a strained or narrow construction of section 408.147(c) would be improper. *See Kroger,* 23 S.W.3d at 349 (holding that strained or narrow construction of section 406.033 of Workers' Compensation Act would be improper); *Tex. Employers Ins. Ass'n v. Duree,* 798 S.W.2d 406, 409 (Tex. App.—Fort Worth 1990, writ denied) (en banc op. on reh'g) (acknowledging that Workers' Compensation Act should be liberally construed in favor of claimant).

■■■ We may also consider, among other things, an administrative agency's construction of the statute. TEX. GOV'T CODE ANN. § 311.023(6) (Vernon 1998); *Quorum Sales, Inc. v. Sharp,* 910 S.W.2d 59, 62 (Tex.App.—Austin 1995, writ denied). The construction given to a statute by the administrative agency charged with its execution is entitled to serious consideration if it is reasonable, consistent with the legislature's intent, and does not contradict the plain language of the statute. *Tex. Water Comm'n v. Brushy Creek Mun. Util. Dist.,* 917 S.W.2d 19, 21 (Tex.1996); *Ins. Co. of Pa. v. Moore,* 43 S.W.3d 77, 82 (Tex.App.—Fort Worth 2001, no pet.). Nevertheless, the agency's interpretation is not binding on the courts. *Ins. Co. of Pa. v. Stelhik,* 995 S.W.2d 939, 942 (Tex. App.—Fort Worth 1999, pet. denied). A court cannot allow an administrative construction, no matter how long it has been applied, to control over the clear and express provisions of the statute. *Firestone Tire & Rubber Co. v. Bullock,* 573 S.W.2d

498, 500 n. 3 (Tex.1978); *Denton County Elec. Coop., Inc. v. Pub. Util. Comm'n,* 818 S.W.2d 490, 493 (Tex.App.—Texarkana 1991, writ denied).

Liberty Mutual complains that the trial court erred because section 408.147(c) of the labor code does not authorize attorney's fees in a case where the employee disputes a subsequent Commission determination denying the continued award of SIBs. In essence, Liberty Mutual argues that because there were two Commission determinations—the initial determination awarding SIBs and a subsequent determination denying SIBs—it was improper for the trial court to award attorney's fees when the insurance carrier is not disputing the latter Commission determination. Liberty Mutual further asserts that the Commission has ignored the plain language of section 408.147(c) and other provisions of the labor and administrative codes by concluding that the phrase "a Commission determination" in section 408.147(c) means the "initial" determination.

The provision of the Workers' Compensation Act at issue in this case provides the following:

§ 408.147. **Contest of Supplemental Income Benefits by Insurance Carrier; Attorney's Fees**

(a) An insurance carrier may request a benefit review conference to contest an employee's entitlement to supplemental income benefits or the amount of supplemental income benefits.

(b) If an insurance carrier fails to make a request for a benefit review conference within 10 days after the date of the expiration of the impairment income benefit period or within 10 days after receipt of the employee's statement, the insurance carrier waives the right to contest entitlement to supplemental income benefits and the amount of supplemental income benefits for that period of supplemental income benefits.

(c) If an insurance carrier disputes a commission determination that an employee is entitled to supplemental income benefits or the amount of supplemental income benefits due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute and for supplemental income benefits accrued but not paid and interest on that amount, according to Section 408.064 [Interest on Accrued Benefits]. Attorney's fees awarded under this subsection are not subject to Sections 408.221(b), (e), and (h) [which place limitations on the award of attorney's fees].

Tex. Lab.Code Ann. § 408.147.

The Commission Appeals Panel has construed this provision on several occasions. In 1995, the Commission held that section 408.147(c) "clearly provides for attorney fees to be paid by the carrier when it disputes SIBS and loses." Tex. Workers' Comp. Comm'n, Appeal No. 950534, 1995 WL 365614, at *4 (May 19, 1995). In that case, the Commission determined that the phrase "commission determination" in section 408.147(c) means the "commission's initial determination of eligibility for SIBs" with respect to the first compensable quarter. *Id.* at *4. The Commission later broadened its holding to conclude that when the Commission initially determines that the claimant is entitled to SIBs and an insurance carrier challenges a claimant's entitlement to SIBs for subsequent quarters, the requirement that the carrier is disputing a "commission determination" is satisfied. Tex. Workers' Comp. Comm'n, Appeal No. 962504, 1997 WL 40349, at *1 (Jan. 27, 1997) (allowing an

award of attorney's fees even when Commission made intervening determination that claimant not entitled to SIBs).

In at least two other Commission appeals, the Commission has rejected arguments similar to those advanced by Liberty Mutual in this case. In one such appeal, the carrier urged that attorney's fees could not be awarded if the dispute arose after the Commission's first quarterly determination. Tex. Workers' Comp. Comm'n, Appeal No. 972049, 1997 WL 731361, at *3 (Nov. 20, 1997). The Commission disagreed, holding that "it is expressly clear that the legislature intended[ ] for SIBS to provide for an award of attorney fees, not payable from the SIBS benefit, for each quarter where the carrier's assessment of nonentitlement is overturned by the Commission or the courts." *Id.* at *3. The Appeals Panel, thus, recognized that if the carrier challenges the award of SIBs at any time, the employee can receive attorney's fees even if the employee does not prevail until the district court level or beyond.

In a 1999 Appeals Panel decision, the Commission further developed its earlier decisions, stating:

[W]hen the Commission has made an initial determination that the claimant is entitled to SIBS and the carrier later disputes a claimant's entitlement to SIBS in subsequent quarters, the requirement that carrier is disputing a "commission determination" is satisfied. Thereafter, the carrier's liability for attorney's fees becomes dependent upon whether or not the claimant prevails on

a disputed issue. The Commission determination that the claimant was not entitled to SIBS in the fourth compensable quarter does not operate to relieve the carrier of its potential liability for attorney's fees incurred by the claimant because of the carrier's dispute of the claimant's entitlement to a subsequent quarter of SIBS. Rather, the success or failure of its dispute is determinative of its liability for the claimant's attorney's fees.

Tex. Workers' Comp. Comm'n, Appeal No. 991144, 1999 WL 516994, at *2 (July 12, 1999). The Appeals Panel, thus, has interpreted section 408.147(c) to authorize attorney's fees if the insurance carrier ever disputes any Commission determination that the employee is entitled to SIBs, so long as that employee ultimately prevails on any disputed issue.

Liberty Mutual urges that these Appeals Panel decisions conflict with the plain language of section 408.147(c). It asserts that the phrase "if an insurance carrier disputes a commission determination" cannot refer solely to the initial Commission determination, but must reference *any* commission determination concerning the claimant's entitlement to SIBs because the legislature clearly anticipated subsequent Commission determinations in related labor and administrative code provisions.[2]

Contrary to Liberty Mutual's assertions, however, the Commission's decisions do not conflict with the plain language of section 408.147(c), which makes the carrier "liable for reasonable and necessary attor-

---

2. The related labor and administrative code provisions indicate that the employee's entitlement to SIBs must be established on a quarterly basis. *See* TEX. LAB.CODE ANN. § 408.143 (Vernon 1996) (stating that employee's failure to file statement on quarterly basis relieves insurance carrier of liability for

SIBs during that quarter); 28 TEX. ADMIN. CODE § 130.104 (2001), <http://www. sos. state.tx. us/tac/28/II/ 130/130.104.html> (establishing criteria for continuing entitlement to SIBs after Commission's initial determination).

ney's fees incurred by the employee as a result of the insurance carrier's dispute." TEX. LAB.CODE ANN. § 408.147(c). Nor do the statutory provisions cited by Liberty Mutual conflict with the prior Appeals Panel decisions. Under section 408.147(c), if the carrier prevails in disputing an employee's entitlement to SIBs, the employee is precluded from receiving attorney's fees. The statute does not specify *when* the carrier's dispute of a Commission determination must arise, or at which point the employee must prevail in order for the employee to receive attorney's fees. The statute merely authorizes an award of attorney's fees when "the employee prevails on any disputed issue." *Id.* It is reasonable to infer from this language that the employee must ultimately prevail on any disputed issue.

Upon review of section 408.147(c) and the relevant Commission Appeals Panel decisions, we determine that the plain language of the statute authorizes an award of attorney's fees in any case where the Commission initially awards SIBs and the carrier later disputes that award as long as the employee eventually prevails on "any disputed issue." The Commission's interpretation of section 408.147(c) is reasonable and consistent with the legislature's clear intent as evidenced by the plain text of the statute. *See Brushy Creek,* 917 S.W.2d at 21.

■ Applying this plain language construction, we hold that Montana was entitled to attorney's fees. The Commission initially determined that Montana was entitled to SIBs. Liberty Mutual later disputed Montana's continued entitlement for the sixth and seventh compensable quarters when it sought a benefit review conference. Although the Commission denied Montana SIBs for the sixth and seventh compensable quarters, Montana *ultimately* prevailed on that issue when the trial court

determined that he was unable to work during those compensable quarters. Section 408.147(c) authorized the trial court to award Montana attorney's fees "[i]f an insurance carrier disputes a commission determination that an employee is entitled to [SIBs] ... and the employee prevails on any disputed issue." TEX. LAB.CODE ANN. § 408.147(c). The trial court, therefore, did not abuse its discretion in awarding attorney's fees to Montana.

Accordingly, we overrule Liberty Mutual's point and affirm the trial court's judgment.