COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DALLAS NATIONAL INSURANCE COMPANY, | § | No. 08-11-00197-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 210th Judicial District Court |
| | § | |
| GILBERTO MORALES, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2008-935) |
| | § | |

## O P I N I O N

Appellant Dallas National Insurance Company ("Dallas National") appeals a judgment and two orders entered in favor of Appellee Gilberto Morales ("Morales"). Dallas National raises five issues: (1) and (2) the trial court abused its discretion by finding legally and factually sufficient evidence that Morales's injury fell into the narrow class of injuries/conditions that entitle injured workers to receive Lifetime Income Benefits ("LIBS"); (3) and (4) the trial court erred in finding legally and factually sufficient evidence that Morales is entitled to recover Supplemental Income Benefits ("SIBS"); and (5) the court erred in awarding attorney's fees for the recovery of LIBS and SIBS. For the reasons that follow, we affirm.

### PROCEDURAL BACKGROUND

Morales filed a Contested Case Hearing with the Texas Department of Insurance, Workers' Compensation Division[1] ("the Division") to determine his entitlement to SIBS for the quarter of April 2007 through July 2007 ("the fifth quarter").[2] The Division issued an adverse ruling,

---

[1] Effective September 1, 2005, the Texas Workers' Compensation Commission is now the Texas Department of Insurance, Workers' Compensation Division. *See* TEX.LAB.CODE ANN. § 402.001 (West 2006 and Supp. 2012).

[2] As noted in Plaintiff's Exhibit 1, the "qualifying period" for the fifth quarter was April 12, 2007 through July 11,

holding that Morales was not entitled to SIBS for the fifth quarter. Morales appealed to the Worker's Compensation Appeals Panel ("the Panel"), which affirmed the Division's ruling denying SIBS. In January of 2008 a Contested Case Hearing was held regarding Morales's claims for LIBS. The Division again issued an adverse ruling and Morales again appealed to the Panel, which affirmed the Division's denial of LIBS.

Morales filed suit against Dallas National on March 3, 2008, contesting the Division's ruling denying Morales SIBS. Morales also sought an award of attorney's fees. Morales then filed a Second Amended petition adding a cause of action seeking to overturn the Division's denial of LIBS, and seeking attorney's fees for that cause of action as well. Dallas National filed its First Amended Original Answer asserting a general denial. At trial, Dallas National sought to admit into evidence the Division's decisions denying LIBs and SIBs to Morales.

The case was tried to a jury on December 6, 2010. The jury determined that Morales was entitled to LIBS based on a total and permanent loss of use of his feet, and that he was entitled to SIBS for the fifth quarter. On December 15, 2010, Morales filed a Motion for Approval of Attorney's Fees and Expenses. Dallas National responded on January 25, 2011. The trial court entered judgment granting LIBS and SIBS to Morales on April 8, 2011, and also executed an order awarding attorney's fees to Morales.

Dallas National filed a Motion for New Trial in May, 2011 after which it filed a Motion to Vacate and New Judgment on May 17, 2011 alleging that the judgment was signed in violation of Division rules. The court granted the Motion to Vacate on May 24, 2011 and re-dated the judgment pursuant to the Motion. Dallas National filed a second Motion for New Trial on

---

2007. The fifth quarter itself dated from July 25, 2007 to October 23, 2007. Morales' action was in response to Dallas National's denial of SIBS during the fifth quarter.

June 17, 2011 which was overruled by operation of law on August 31, 2011. Dallas National timely appealed.

## FACTUAL BACKGROUND

Morales was employed as a construction worker when, on May 12, 2003, he sustained a work-related injury by falling from a moving pickup truck. Morales injured his neck, back and shoulder. He was released to light duty work three days following his injury. Dallas National is the workers' compensation insurance carrier for Morales's injury and while it paid SIBS to Morales in earlier quarters, it denied payment of SIBS during the fifth quarter.

Morales underwent surgeries to repair his neck and back in 2004. Following his surgeries, Morales was seen by several doctors for continued back and neck pain. Morales was also given a 27 percent impairment rating: 25 percent ascribed to his neck injury and the remaining 2 percent to his right shoulder, with 0 percent ratings for his back, feet, and arms.

Morales was diagnosed with circulatory problems in his legs in October of 2007. He testified that the circulatory problems caused his legs to become discolored, and that at times it was not possible to even find a pulse in his feet. Morales further testified that during the quarter of July 25, 2007 through October 23, 2007, he made a number of searches seeking light duty work, and that had any employers made an offer he would have accepted the job. He also testified that in February of 2010 he underwent surgery on his back due to the pain in his legs.

In 2008, Morales was diagonsed with a L3-L4 paracentral radial tear with left paracentral protrusion; L4-L5 central disc protrusion with spur protrusion and L5-S1 left paracentral radial tear with disc bulge. Deposition testimony of Dr. Zolfoghary[3] was presented at trial, where he

---

[3] The deposition testimony appears in the exhibit list of the reporter's record, marked with an asterisk indicating for "Appellate purposes only."

testified that Morales suffers from "very bad disk with radiculopathy, difficulty with walking and bending . . ." and that "he cannot go back to do any kind of gainful work."[4] Dr. Zolfoghary testified that the radiculopathy condition affects both of Morales's legs, mostly his right, and that is a condition which will never improve and will affect Morales for the rest of his life. Numerous physicians, including Morales's primary treating physicians, have restricted Morales from returning to work.

## DISCUSSION

Dallas National raises five issues: (1) and (2) the trial court abused its discretion by finding legally and factually sufficient evidence that Morales's injury fell into the narrow class of injuries/conditions that entitle injured workers to receive Lifetime Income Benefits ("LIBS"); (3) and (4) the trial court erred in finding legally and factually sufficient evidence that Morales is entitled to recover Supplemental Income Benefits ("SIBS"); and (5) the court erred in awarding Morales his attorney's fees for the recovery of LIBS and SIBS. We will consider issues one and two jointly, and three and four jointly, given their interrelationship.

## Standard of Review

In determining whether evidence is legally sufficient to support the finding under review (a "no evidence" challenge), we must consider evidence favorable to the finding if a reasonable fact finder could and disregard evidence contrary to the finding unless a reasonable fact finder could not.[5] *Cent. Ready Mix Concrete Co., Inc. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of*

---

[4] "Radiculopathy" is defined as "irritation of or injury to a nerve root (as from being compressed) that typically causes pain, numbness, or weakness in the part of the body which is supplied with nerves from that root." Merriam–Webster Online Dictionary, available at http://www.merriam-webster.com/dictionary/radiculopathy (last visited Dec. 2, 2012).
[5] Dallas National did not direct this Court to any authority on these standards of review in its brief, nor did it identify any authority or record citations in support of its second, third, or fourth issues, apart from *Muro*, the Texas Labor Code, and cases discussed in *Muro*. Texas Rule of Appellate Procedure 38.1(i) states that an appellant's "brief must

*Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally insufficient only when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040, 119 S.Ct. 1336, 143 L.Ed.2d 500 (1999). If more than a scintilla of evidence supports the questioned finding, the "no evidence" point fails. *State Office of Risk Management v. Escalante*, 162 S.W.3d 619, 624 (Tex.App.--El Paso 2005, pet. dism'd).

In a factual sufficiency review, we examine all the evidence in the record, both for and against the lower court's findings, and reverse only if it is so against the great weight of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Newberry v. Newberry*, 351 S.W.3d 552, 555-56 (Tex.App.--El Paso 2011, no pet.)(noting same). When reviewing a challenge that the evidence is factually insufficient to support a finding, a reviewing court will set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, the court determines that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)(per curiam). The trier of fact is the

contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). Furthermore, as a general rule, an appellate court will not consider an issue raised by an appellant where the appellant fails to provide any legal argument to support his claim. *See Hamilton v. Williams*, 298 S.W.3d 334, 337 (Tex.App.--Fort Worth 2009, pet. denied). This is so because an issue unsupported by citation to any legal authority presents nothing for the court to review. *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 525 (Tex.App.--Fort Worth 2009, no pet.). While Dallas National did not provide this Court with any legal authority in support of its argument on the first two issues, it did provide citations to the record, and in the interest of justice we consider the arguments made in issues one and two.

sole judge of the credibility of witnesses and the weight to be given to their testimony and a court of appeals must not merely substitute its judgment for that of the trier of fact while performing a review for factual sufficiency. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

### Lifetime Income Benefits

Dallas National contends that the trial court abused its discretion by finding both legally and factually sufficient evidence to support the determination that Morales's injury falls within the enumerated injuries established by the Workers' Compensation Act[6] ("the Act") in circumstances where a worker suffers certain, specific injuries or conditions, thereby entitling Morales to LIBS.

Lifetime income benefits are paid to an employee for:

(1) total and permanent loss of sight in both eyes;

(2) loss of both feet at or above the ankle;

(3) loss of both hands at or above the wrist;

(4) loss of one foot at or above the ankle and the loss of one hand at or above the wrist;

(5) an injury to the spine that results in permanent and complete paralysis of both arms, both legs, or one arm and one leg;

(6) a physically traumatic injury to the brain resulting in incurable insanity or imbecility; or

(7) third degree burns that cover at least 40 percent of the body and require grafting, or third degree burns covering the majority of either both hands or one hand and the face.

TEX.LAB.CODE ANN. § 408.161(a).

Both Dallas National and Morales refer us to *Insurance Co. of State of Pennsylvania v.*

---

[6] TEX.LAB.CODE ANN. §§ 401.001-506.002 (West 2006 and Supp. 2012).

*Muro*, 347 S.W.3d 268 (Tex. 2011), the most recent case from the Texas Supreme Court discussing Section 408.161. Dallas National argues that Morales failed to meet the burden of proof set out in *Muro*, and that Morales failed to establish a specific, statutory injury of the exclusive type found in Section 408.161. Rather, he proved a general incapacity, which cannot serve as a basis for an award of LIBS. Dallas National contends that, under *Muro*, Morales's other injuries, i.e. his leg pain, do not entitle him to LIBS. Finally, Dallas National argues that the *Muro* court rejected a case relied on by Morales's counsel, *Hartford Underwriters Ins. Co. v. Burdine*, 34 S.W.3d 700, 707 (Tex.App.--Fort Worth 2000, no pet.)(upholding award of LIBS where evidence showed that claimant's back injury involved the back and "associated nerve roots" which extended into the feet, resulting in claimant's inability to use feet as a permanent condition and rendering claimant totally disabled).

In *Muro*, a jury found that a claimant was entitled to LIBS and the insurer appealed. *Id.* at 269-70. The court of appeals affirmed, concluding that Section 408.161 did not limit the award of LIBS to the specific injuries and body parts enumerated in that statute. *Id.* at 270. The claimant injured her hips, lower back, right shoulder, and neck in a slip and fall accident at work. *Id.* After multiple surgeries she returned to work. Eventually the claimant left, and sought LIBS as she was experiencing difficulty walking from the parking lot and sitting at her desk. *Id.* The Supreme Court noted that while the evidence indicated that physical injuries had "impaired [the claimant's] ability to use her feet and right hand," there was no evidence presented that these injuries extended to the hands or feet, either directly or indirectly. *Id.* at 275-76, *citing Burdine*, 34 S.W.3d at 707. The Supreme Court held:

> The Legislature has limited the award of lifetime income benefits to the specific injuries and body parts enumerated in section 408.161; nothing in the

7

statute authorizes the substitution of other injuries or body parts for those enumerated. TEX.LAB.CODE § 408.161. The injury to the statutory body part may be direct or indirect, as in *Burdine*, but the injury must extend to and impair the statutory body part itself to implicate section 408.161.

*Muro*, 347 S.W.3d at 276.[7]

Finding no evidence that the injuries extended to the claimant's feet or right hand, no contention that her feet or hand "ceased to possess 'any substantial utility as a member of the body'," and "no evidence of injury to these body parts that prevented her from procuring and retaining employment requiring their use," the court of appeals concluded that the claimant was not entitled to LIBS. *Id.* at 276. The Texas Supreme Court reversed and rendered. *Id* at 277.

Dallas National contends that Morales did not offer any evidence of, or make a claim that he sustained a direct injury to his feet or ankles, and that he asserted, without substantiating evidence, that his lower back injury caused him to totally and permanently lose the use of both feet at or above the ankles. Dallas National contends that this is contrary to the standards of proof required to show either a direct or indirect injury pursuant to Section 408.161 and *Muro*. Dallas National asserts that as a result, there is legally insufficient evidence to support the jury's determination that Morales was entitled to LIBS.

Citing Texas Labor Code Section 401.011(26) and *Muro*, Dallas National argues there is factually insufficient evidence to support the award of LIBS because Morales did not offer any evidence that the condition of his feet prohibited his ability to work in the future, the law clearly requires that he have a total loss of the use of his feet at or above the ankles, and he must have

_____

[7] Rather than rejecting *Burdine*, as Dallas National contends, the Supreme Court distinguished it: "[t]his evidence of an injury to a body part enumerated in the statute distinguishes *Burdine* from the present case." *Muro*, 347 S.W.3d at 276.

8

incurred damage or harm to the physical structure of his body.[8]

## Application

A review of the extensive documentary evidence presented at trial supports the jury's finding that Morales was entitled to LIBS. Morales was diagonsed with a L3-L4 paracentral radial tear with left paracentral protrusion; L4-L5 central disc protrusion with spur protrusion and L5-S1 left paracentral radial tear with disc bulge. Dr. Zolfoghary's deposition testimony indicates that Morales suffers from a "very bad disk with radiculopathy, difficulty with walking and bending . . ." and that "he cannot go back to do any kind of gainful work." Dr. Zolfoghary testified that the radiculopathy condition affects both of Morales's legs, mostly his right; is a condition which will never improve; and will affect Morales for the rest of his life. Dr. Zolfoghary's documentary evidence supports the findings that Morales has difficulty walking, bending, stooping, squatting, and has a tendency to fall as his right knee gives way, including difficulty walking on heels and toes due to lumbar and lower extremity pain. In 2006 and 2007, Dr. Zolfoghary advised the Division on Workers' Compensation Status Reports that Morales "continues to have difficulty in walking and has lumbar spine pain and radiculopathy" and continues to have leg discomfort and lumbar spine pain. Dr. Zolfoghary's notes indicate that Morales had difficulty in walking and tendency to fall as of October of 2005, as well as evidence of radiculopathy in his right leg. Notes from Dr. Kevin Sandberg from 2007 state: lower extremity reflexes were absent in both ankles; the prognosis for returning to work was very poor; "[w]ithin reasonable medical probability the current complaints and symptoms are related to the compensable injury," and "[i]n all likelihood, the patient will be permanently disabled from any

---

[8] "'Injury' means damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." TEX.LAB.CODE ANN. § 401.011(26).

form of employment." Numerous physicians, including Dr. Zolfoghary and Morales's primary treating physicians, restricted Morales from returning to work.

Considering the evidence and inferences supporting the jury's finding, and disregarding all evidence and inferences to the contrary, we conclude that more than a scintilla of evidence exists to support the jury's finding that Morales was entitled to LIBS. Dallas National's legal sufficiency challenge fails. *See Escalante*, 162 S.W.3d at 624. A review of all of the evidence presented indicates that, while there are certainly contradictory items in all the exhibits that support and challenge the extent of Morales's injuries, the jury verdict is not so against the great weight of the evidence as to be clearly wrong and unjust. *Ortiz*, 917 S.W.2d at 772. Dallas National's first and second issues are overruled.

## Supplemental Income Benefits

In its third and fourth issues, Dallas National contends that the trial court erred in finding legally and factually sufficient evidence that Morales is entitled to recover SIBS for the fifth quarter. Dallas National has failed to direct this Court to any authority or record citations in support of either of these issues, apart from a single cite to a jury instruction.[9] As noted above, Texas Rule of Appellate Procedure 38.1(i) states that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). Furthermore, as a general rule, an appellate court will not consider an issue raised by an appellant where the appellant fails to provide any legal argument to support his claim. *See Hamilton*, 298 S.W.3d at 337. Accordingly, while these may well have been waived for inadequate briefing, *see* Tex.R.App.P. 38.1(i); *Stanley Works v. Wichita Falls*

---

[9] Counsel for Dallas National objected to two questions in the jury charge, but did not object to the jury instruction discussed in the argument raised in its brief on this point.

*Independent School Dist.*, 366 S.W.3d 816, 829-30 (Tex.App.--El Paso 2012, pet. filed), *citing Ashley Furniture Industries Inc. ex rel. RBLS Inc. v. Law Office of David Pierce*, 311 S.W.3d 595, 597 (Tex.App.--El Paso 2010, no pet.)(noting same) in the interest of justice, we have considered them.

Under the Texas Labor Code, a worker is entitled to receive SIBS if the following requirements are met: (1) the worker has an impairment rating of 15 percent or higher; (2) the worker has not returned to work or has returned to work earning less than 80 percent of the employee's average weekly wage as a direct result of the employee's impairment; (3) the worker has not elected to commute a portion of the impairment income benefit under Section 408.128; and (4) the worker has attempted in good faith to obtain employment. TEX.LAB.CODE ANN. § 408.142.

The unchallenged evidence is that Morales suffered a compensable injury, and received a 27 percent impairment rating, substantially more than the required 15 percent. No evidence was presented whether Morales commuted his income benefits, although Dallas National does not challenge this requirement. At trial, Morales testified that he looked for work during the qualifying period of the fifth quarter. He testified that he would sometimes look for three to four jobs a week, and sought employment in areas other than construction, including at restaurants. Morales stated that he looked for jobs in the newspaper; called potential employers; visited potential employers and asked if there was light duty work available. He stated that no company made an offer to him. He also testified that if he had been offered employment, he would have accepted it. Morales documented his job searches for the qualifying period. Dallas National presented no evidence relating to Morales's job searches and, other than conclusory statements in

11

its brief that Morales's searches did not constitute good faith attempts to obtain employment, offers no evidence regarding good faith. Because there is more than a scintilla of evidence supporting the verdict, the evidence is legally sufficient. *City of Keller*, 168 S.W.3d at 822. Regarding Dallas National's factual sufficiency challenge, Dallas National has not demonstrated that there is insufficient evidence to support the jury's verdict or that the evidence so contradicts the jury's verdict that the verdict was clearly wrong and manifestly unjust. *See Escalante v. State Office of Risk Management*, 355 S.W.3d 341, 349 (Tex.App.--El Paso 2011, no pet.). Dallas National's third and fourth issues are overruled.

## Attorney's Fees

Dallas National's final issue relates to attorney's fees. Specifically, that the trial court erred in awarding Morales attorney's fees relative to his LIBS and SIBS claims. Dallas National argues that attorney's fees cannot be awarded when a claimant initiates a contest of the Division's[10] findings, but only when the carrier initiates such a contest. Dallas National argues that neither TEX.LAB.CODE ANN. § 408.147(c) nor 28 TEX.ADMIN.CODE § 130.108(e)(2), both cited by Morales in his Motion for Approval of Attorney's Fees and Expenses, support his position that attorney's fees should have been awarded.

Morales argues that the Division initially found that he was entitled to SIBS, contending that "[i]n the present case, Appellant acknowledges that the Commission made the initial determination that Morales was entitled to SIBS. Appendix 1."

The Texas Labor Code provides for awards of attorney's fees in certain circumstances relating to a claimant obtaining SIBS. TEX.LAB.CODE ANN. § 408.147. For purposes of this case, the relevant portion of the statute provides:

---

[10] The case law refers to the "Commission" and is used by both parties in their briefs. *See* footnote 1.

(c) If an insurance carrier disputes the commissioner's determination that an employee is entitled to supplemental income benefits or the amount of supplemental income benefits due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute and for supplemental income benefits accrued but not paid and interest on that amount, according to Section 408.064. Attorney's fees awarded under this subsection are not subject to Sections 408.221(b), (f), and (i).

TEX.LAB.CODE ANN. § 408.147(c).

This section is an exception to the general rule that attorney's fees in a workers' compensation case are payable out of the claimant's recovery. *See Travelers Indem. Co. of Conn. v. Mayfield,* 923 S.W.2d 590, 593 (Tex. 1996).

The plain language of the Texas Administrative Code clearly sets out that the Division is responsible for determining a claimant's eligibility for the first quarter, *see* 28 TEX.ADMIN.CODE § 130.103(a), while the carrier is responsible for determination of entitlement for subsequent quarters. 28 TEX.ADMIN.CODE § 130.104 (West 2012). According to the statutory provisions set out in the Texas Administrative Code, the Division must have made the initial entitlement determination in order for subsequent quarters, including the fifth quarter, to be delegated to Dallas National. Because the Division made an initial determination that Morales was entitled to SIBS, we may consider his attorney's fees claim.

Dallas National contends that the issue of attorney's fees under Section 408.147(c) is well-settled in this Court, citing *Homes Ins. Co. v. Garcia*, 74 S.W.3d 52. 60 (Tex.App.--El Paso 2002, no pet.)("The statute is clear and unambiguous that attorney's fees are recoverable when the insurance carrier disputes a commission finding. There is no provision for the recovery of attorney's fees when the employee disputes a commission finding."). *See also Tex. Mut. Ins. Co. v. Baker*, 292 S.W.3d 798, 803 (Tex.App.--Fort Worth 2009, no pet.)(citing *Garcia* "In this case, it

13

is the employee . . . who has contested the Commission's initial and continued determination that she was not entitled to SIBs. In cases like this one, we agree with our sister court in El Paso that when an employee disputes the Commission's finding and there has never been an initial determination by the Commission that the employee is entitled to SIBs, there exists 'no provision for the recovery of attorney's fees [under 408.147(c) ].'"). Dallas National's argument is that because the contested matters held at the Division and heard before the Panel were decided against Morales, that Morales disputed the commission finding and is therefore not entitled to attorney's fees pursuant to Section 408.147(c).

However, as Morales notes, both trial courts and the Division have construed Section 408.147(c) and determined that the term, "commission determination" means the "commission's initial determination of eligibility for SIBs" with respect to the first compensable quarter. *See Liberty Mutual Ins. Co. v. Montana*, 49 S.W.3d 599, 602 (Tex.App.--Fort Worth 2001, no pet.)(finding attorney's fees proper even though hearing officer and Appeals Panel rulings were adverse to claimant), *citing Tex. Workers' Comp. Comm'n.*, Appeal No. 950534, 1995 WL 365614, at*4 (May 19, 1995). As the *Montana* court noted, the Commission later broadened its holding to "conclude that when the Commission initially determines that the claimant is entitled to SIBs and an insurance carrier challenges a claimant's entitlement to SIBs for subsequent quarters, the requirement that the carrier is disputing a 'commission determination' is satisfied." *Montana*, 49 S.W.3d at 602.

In the *Montana* and *Baker* cases, our sister courts of appeal interpreted Section 408.147(c) and drew the following distinction: an award of attorney's fees is permitted in cases where the Commission initially determined that an employee was eligible for SIBS and the carrier

14

challenged eligibility for a subsequent compensable quarter, *see Montana*, 49 S.W.3d at 604, while finding error in an award of attorney's fees where the claimant challenged both the initial and continuing determination that the employee was not eligible for SIBS. *See Baker*, 292 S.W.3d at 803.

The record in the instant case is that the initial determination of SIBS was not challenged by Morales: instead, Dallas National challenged a subsequent quarter of eligibility for SIBS. This is closer to the facts of *Montana*. The determination challenged was not the initial determination of entitlement, or the "commission determination" of the first quarter pursuant to 28 TEX.ADMIN CODE § 130.103(a). The award of attorney's fees in the instant case is supported. Dallas National's fifth issue is overruled.

## CONCLUSION

Having overruled each of the issues presented by Dallas National, the judgment of the trial court is affirmed.

December 27, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

15