COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
 DALLAS NATIONAL
 INSURANCE COMPANY,
  
                            
 Appellant,
  
 v.
  
 GILBERTO MORALES,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-11-00197-CV
  
 Appeal from the
  
 210th
 Judicial District Court 
  
 of El
 Paso County, Texas 
  
 (TC# 2008-935) 
  
 
 


O
P I N I O N

Appellant Dallas National Insurance Company
(“Dallas National”) appeals a judgment and two orders entered in favor of Appellee
Gilberto Morales (“Morales”).  Dallas
National raises five issues:  (1) and (2)
the trial court abused its discretion by finding legally and factually
sufficient evidence that Morales’s injury fell into the narrow class of
injuries/conditions that entitle injured workers to receive Lifetime Income
Benefits (“LIBS”); (3) and (4) the trial court erred in finding legally and
factually sufficient evidence that Morales is entitled to recover Supplemental
Income Benefits (“SIBS”); and (5) the court erred in awarding attorney’s fees
for the recovery of LIBS and SIBS.  For
the reasons that follow, we affirm.

PROCEDURAL
BACKGROUND

Morales filed a Contested Case Hearing with
the Texas Department of Insurance, Workers’ Compensation Division[1] (“the
Division”) to determine his entitlement to SIBS for the quarter of April
2007 through July 2007 (“the fifth quarter”).[2]  The Division issued an adverse ruling,
holding that Morales was not entitled to SIBS for the fifth quarter.  Morales appealed to the Worker’s Compensation
Appeals Panel (“the Panel”), which affirmed the Division’s ruling denying SIBS.  In January of 2008 a Contested Case
Hearing was held regarding Morales’s claims for LIBS.  The Division again issued an adverse ruling and
Morales again appealed to the Panel, which affirmed the Division’s denial of
LIBS.

Morales filed suit against Dallas National on
March 3, 2008, contesting the Division’s ruling denying Morales SIBS.  Morales also sought an award of attorney’s
fees.  Morales then filed a Second
Amended petition adding a cause of action seeking to overturn the Division’s
denial of LIBS, and seeking attorney’s fees for that cause of action as well.  Dallas National filed its First Amended
Original Answer asserting a general denial. 
At trial, Dallas National sought to admit into evidence the Division’s
decisions denying LIBs and SIBs to Morales.

The case was tried to a jury on December 6,
2010.  The jury determined that Morales
was entitled to LIBS based on a total and permanent loss of use of his feet, and
that he was entitled to SIBS for the fifth quarter.  On
December 15, 2010, Morales filed a Motion for Approval of Attorney’s Fees and
Expenses.  Dallas National responded on
January 25, 2011.  The trial court
entered judgment granting LIBS and SIBS to Morales on April 8, 2011, and also
executed an order awarding attorney’s fees to Morales.

Dallas National filed a Motion for New Trial
in May, 2011 after which it filed a Motion to Vacate and New Judgment on May
17, 2011 alleging that the judgment was signed in violation of Division
rules.  The court granted the Motion to
Vacate on May 24, 2011 and re-dated the judgment pursuant to the Motion.  Dallas National filed a second Motion for New
Trial on June 17, 2011 which was overruled by operation of law on August
31, 2011.  Dallas National timely
appealed.

FACTUAL
BACKGROUND

            Morales
was employed as a construction worker when, on May 12, 2003, he sustained a
work-related injury by falling from a moving pickup truck.  Morales injured his neck, back and
shoulder.  He was released to light duty work
three days following his injury.  Dallas
National is the workers’ compensation insurance carrier for Morales’s injury
and while it paid SIBS to Morales in earlier quarters, it denied payment of SIBS
during the fifth quarter.

Morales underwent
surgeries to repair his neck and back in 2004. 
Following his surgeries, Morales was seen by several doctors for
continued back and neck pain.  Morales
was also given a 27 percent impairment rating:  25 percent ascribed to his neck injury and the
remaining 2 percent to his right shoulder, with 0 percent ratings for his back,
feet, and arms.

Morales was
diagnosed with circulatory problems in his legs in October of 2007.  He testified that the circulatory problems
caused his legs to become discolored, and that at times it was not possible to
even find a pulse in his feet.  Morales
further testified that during the quarter of July 25, 2007 through October 23,
2007, he made a number of searches seeking light duty work, and that had any
employers made an offer he would have accepted the job.  He also testified that in February of 2010 he
underwent surgery on his back due to the pain in his legs.

In 2008, Morales
was diagonsed with a L3-L4 paracentral radial tear with left paracentral
protrusion; L4-L5 central disc protrusion with spur protrusion and L5-S1 left
paracentral radial tear with disc bulge. 
Deposition testimony of Dr. Zolfoghary[3]
was presented at trial, where he testified that Morales suffers from “very bad
disk with radiculopathy, difficulty with walking and bending . . .” and that
“he cannot go back to do any kind of gainful work.”[4]  Dr. Zolfoghary testified that the
radiculopathy condition affects both of Morales’s legs, mostly his right, and
that is a condition which will never improve and will affect Morales for the
rest of his life.  Numerous physicians,
including Morales’s primary treating physicians, have restricted Morales from
returning to work.

DISCUSSION

Dallas National raises five issues:  (1) and (2) the trial court abused its
discretion by finding legally and factually sufficient evidence that Morales’s
injury fell into the narrow class of injuries/conditions that entitle injured
workers to receive Lifetime Income Benefits (“LIBS”); (3) and (4) the trial
court erred in finding legally and factually sufficient evidence that Morales
is entitled to recover Supplemental Income Benefits (“SIBS”); and (5) the court
erred in awarding Morales his attorney’s fees for the recovery of LIBS and
SIBS.  We will consider issues one and
two jointly, and three and four jointly, given their interrelationship.

Standard
of Review 

In determining whether evidence is legally
sufficient to support the finding under review (a “no evidence” challenge), we
must consider evidence favorable to the finding if a reasonable fact finder
could and disregard evidence contrary to the finding unless a reasonable fact
finder could not.[5]
 Cent.
Ready Mix Concrete Co., Inc. v. Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005).  Evidence is
legally insufficient only when:  (1) the
record discloses a complete absence of evidence of a vital fact; (2) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (3) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (4) the evidence establishes
conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v.
Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040, 119 S.Ct. 1336, 143 L.Ed.2d 500
(1999).  If more than a scintilla of
evidence supports the questioned finding, the “no evidence” point fails.  State
Office of Risk Management v. Escalante, 162 S.W.3d 619, 624 (Tex.App.--El Paso
2005, pet. dism’d).

In a factual sufficiency review, we examine
all the evidence in the record, both for and against the lower court’s
findings, and reverse only if it is so against the great weight of the evidence
as to be clearly wrong and unjust.  Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996); Newberry v. Newberry,
351 S.W.3d 552, 555-56 (Tex.App.--El Paso 2011, no pet.)(noting same).  When reviewing a challenge that the evidence
is factually insufficient to support a finding, a reviewing court will set
aside the finding only if, after considering and weighing all of the evidence
in the record pertinent to that finding, the court determines that the credible
evidence supporting the finding is so weak, or so contrary to the overwhelming
weight of all the evidence, that the finding should be set aside.  Pool v.
Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh’g); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986)(per
curiam).  The trier of fact is the sole
judge of the credibility of witnesses and the weight to be given to their
testimony and a court of appeals must not merely substitute its judgment for
that of the trier of fact while performing a review for factual sufficiency.  See
Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003).

Lifetime
Income Benefits

            Dallas National contends
that the trial court abused its discretion by finding both legally and factually
sufficient evidence to support the determination that Morales’s injury falls
within the enumerated injuries established by the Workers’ Compensation Act[6] (“the
Act”) in circumstances where a worker suffers certain, specific injuries or
conditions, thereby entitling Morales to LIBS.

Lifetime income benefits are paid to an
employee for:

(1)   total and permanent loss of sight in both
eyes;

 

(2)
loss of both feet at or above the ankle;

 

(3)
loss of both hands at or above the wrist;

 

(4)
loss of one foot at or above the ankle and the loss of one hand at or above the
wrist;

 

(5)
an injury to the spine that results in permanent and complete paralysis of both
arms, both legs, or one arm and one leg;

 

(6)
a physically traumatic injury to the brain resulting in incurable insanity or
imbecility; or

 

(7)
third degree burns that cover at least 40 percent of the body and require
grafting, or third degree burns covering the majority of either both hands or
one hand and the face.

 

Tex.Lab.Code Ann. § 408.161(a).

Both Dallas National and Morales refer us to Insurance Co. of State of Pennsylvania v.
Muro, 347 S.W.3d 268 (Tex. 2011), the most recent case from the Texas
Supreme Court discussing Section 408.161. 
Dallas National argues that Morales failed to meet the burden of proof
set out in Muro, and that Morales
failed to establish a specific, statutory injury of the exclusive type found in
Section 408.161.  Rather, he proved a
general incapacity, which cannot serve as a basis for an award of LIBS.  Dallas National contends that, under Muro, Morales’s other injuries, i.e. his
leg pain, do not entitle him to LIBS.  Finally,
Dallas National argues that the Muro
court rejected a case relied on by Morales’s counsel, Hartford Underwriters Ins. Co. v. Burdine, 34 S.W.3d 700, 707 (Tex.App.--Fort
Worth 2000, no pet.)(upholding award of LIBS where evidence showed that
claimant’s back injury involved the back and “associated nerve roots” which
extended into the feet, resulting in claimant’s inability to use feet as a
permanent condition and rendering claimant totally disabled).

In Muro,
a jury found that a claimant was entitled to LIBS and the insurer
appealed.  Id. at 269-70.  The court of
appeals affirmed, concluding that Section 408.161 did not limit the award of
LIBS to the specific injuries and body parts enumerated in that statute.  Id.
at 270.  The claimant injured her hips,
lower back, right shoulder, and neck in a slip and fall accident at work.  Id.  After multiple surgeries she returned to
work.  Eventually the claimant left, and
sought LIBS as she was experiencing difficulty walking from the parking lot and
sitting at her desk.  Id.  The Supreme Court noted that while the
evidence indicated that physical injuries had “impaired [the claimant’s]
ability to use her feet and right hand,” there was no evidence presented that
these injuries extended to the hands or feet, either directly or
indirectly.  Id. at 275-76, citing Burdine,
34 S.W.3d at 707.  The Supreme Court held:

The Legislature has limited the award of
lifetime income benefits to the specific injuries and body parts enumerated in
section 408.161; nothing in the statute authorizes the substitution of other
injuries or body parts for those enumerated.  Tex.Lab.Code
§ 408.161.  The injury to the statutory
body part may be direct or indirect, as in Burdine,
but the injury must extend to and impair the statutory body part itself to
implicate section 408.161.

 

Muro, 347 S.W.3d at 276.[7] 

Finding no evidence that the injuries
extended to the claimant’s feet or right hand, no contention that her feet or
hand “ceased to possess ‘any substantial utility as a member of the body’,” and
“no evidence of injury to these body parts that prevented her from procuring
and retaining employment requiring their use,” the court of appeals concluded
that the claimant was not entitled to LIBS.  Id. at
276.  The Texas Supreme Court reversed
and rendered.  Id at 277.

            Dallas National contends
that Morales did not offer any evidence of, or make a claim that he sustained a
direct injury to his feet or ankles, and that he asserted, without
substantiating evidence, that his lower back injury caused him to totally and
permanently lose the use of both feet at or above the ankles.  Dallas National contends that this is
contrary to the standards of proof required to show either a direct or indirect
injury pursuant to Section 408.161 and Muro.  Dallas National asserts that as a result,
there is legally insufficient evidence to support the jury’s determination that
Morales was entitled to LIBS.

            Citing Texas
Labor Code Section 401.011(26) and Muro, Dallas National argues there is factually
insufficient evidence to support the award of LIBS because Morales did not
offer any evidence that the condition of his feet prohibited his ability to
work in the future, the law clearly requires that he have a total loss
of the use of his feet at or above the ankles, and he must have incurred damage
or harm to the physical structure of his body.[8]

Application

            A review of the
extensive documentary evidence presented at trial supports the jury’s finding
that Morales was entitled to LIBS.  Morales
was diagonsed with a L3-L4 paracentral radial tear with left paracentral
protrusion; L4-L5 central disc protrusion with spur protrusion and L5-S1 left
paracentral radial tear with disc bulge. 
Dr. Zolfoghary’s deposition testimony indicates that Morales suffers
from a “very bad disk with radiculopathy, difficulty with walking and bending .
. .” and that “he cannot go back to do any kind of gainful work.”  Dr. Zolfoghary testified that the
radiculopathy condition affects both of Morales’s legs, mostly his right; is a
condition which will never improve; and will affect Morales for the rest of his
life.  Dr. Zolfoghary’s documentary
evidence supports the findings that Morales has difficulty walking, bending,
stooping, squatting, and has a tendency to fall as his right knee gives way,
including difficulty walking on heels and toes due to lumbar and lower
extremity pain.  In 2006 and 2007, Dr. Zolfoghary
advised the Division on Workers’ Compensation Status Reports that Morales
“continues to have difficulty in walking and has lumbar spine pain and
radiculopathy” and continues to have leg discomfort and lumbar spine pain.  Dr. Zolfoghary’s notes indicate that Morales
had difficulty in walking and tendency to fall as of October of 2005, as well
as evidence of radiculopathy in his right leg. 
Notes from Dr. Kevin Sandberg from 2007 state:  lower extremity reflexes were absent in both ankles;
the prognosis for returning to work was very poor; “[w]ithin reasonable medical
probability the current complaints and symptoms are related to the compensable
injury,” and “[i]n all likelihood, the patient will be permanently disabled
from any form of employment.”  Numerous
physicians, including Dr. Zolfoghary and Morales’s primary treating physicians,
restricted Morales from returning to work.

Considering the
evidence and inferences supporting the jury’s finding, and disregarding all
evidence and inferences to the contrary, we conclude that more than a scintilla
of evidence exists to support the jury’s finding that Morales was entitled to
LIBS.  Dallas National’s legal
sufficiency challenge fails.  See Escalante, 162 S.W.3d at 624.  A review of all of the evidence presented indicates
that, while there are certainly contradictory items in all the exhibits that
support and challenge the extent of Morales’s injuries, the jury verdict is not
so against the great weight of the evidence as to be clearly wrong and
unjust.  Ortiz, 917 S.W.2d at 772. 
Dallas National’s first and second issues are overruled.

Supplemental
Income Benefits

            In its third and fourth
issues, Dallas National contends that the trial court erred in finding legally
and factually sufficient evidence that Morales is entitled to recover SIBS for
the fifth quarter.  Dallas National has failed
to direct this Court to any authority or record citations in support of either
of these issues, apart from a single cite to a jury instruction.[9]  As noted above, Texas Rule of
Appellate Procedure 38.1(i) states that an appellant’s “brief must contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.”  Tex.R.App.P. 38.1(i).  Furthermore, as a general rule, an appellate
court will not consider an issue raised by an appellant where the appellant
fails to provide any legal argument to support his claim.  See
Hamilton, 298 S.W.3d at 337.  Accordingly,
while these may well have been waived for inadequate briefing, see Tex.R.App.P. 38.1(i); Stanley Works v. Wichita Falls Independent
School Dist., 366 S.W.3d 816, 829-30 (Tex.App.--El Paso 2012, pet. filed), citing Ashley Furniture Industries Inc. ex
rel. RBLS Inc. v. Law Office of David Pierce, 311 S.W.3d 595, 597
(Tex.App.--El Paso 2010, no pet.)(noting same) in the interest of justice, we
have considered them.

Under the Texas Labor Code, a worker is
entitled to receive SIBS if the following requirements are met:  (1) the worker has an impairment rating of 15
percent or higher; (2) the worker has not returned to work or has returned to
work earning less than 80 percent of the employee’s average weekly wage as a
direct result of the employee’s impairment; (3) the worker has not elected to
commute a portion of the impairment income benefit under Section 408.128; and
(4) the worker has attempted in good faith to obtain employment.  Tex.Lab.Code
Ann. § 408.142.

The unchallenged evidence is that Morales
suffered a compensable injury, and received a 27 percent impairment rating,
substantially more than the required 15 percent.  No evidence was presented whether Morales
commuted his income benefits, although Dallas National does not challenge this
requirement.  At trial, Morales testified
that he looked for work during the qualifying period of the fifth quarter.  He testified that he would sometimes look for
three to four jobs a week, and sought employment in areas other than
construction, including at restaurants. 
Morales stated that he looked for jobs in the newspaper; called potential
employers; visited potential employers and asked if there was light duty work
available.  He stated that no company
made an offer to him.  He also testified
that if he had been offered employment, he would have accepted it.  Morales documented his job searches for the
qualifying period.  Dallas National
presented no evidence relating to Morales’s job searches and, other than
conclusory statements in its brief that Morales’s searches did not constitute
good faith attempts to obtain employment, offers no evidence regarding good
faith.  Because there is more than a
scintilla of evidence supporting the verdict, the evidence is legally
sufficient.  City of Keller, 168 S.W.3d at 822. 
Regarding Dallas National’s factual sufficiency challenge, Dallas
National has not demonstrated that there is insufficient evidence to support
the jury’s verdict or that the evidence so contradicts the jury’s verdict that
the verdict was clearly wrong and manifestly unjust.  See
Escalante v. State Office of Risk Management, 355 S.W.3d 341, 349 (Tex.App.--El
Paso 2011, no pet.).  Dallas National’s
third and fourth issues are overruled.

Attorney’s
Fees 

            Dallas National’s final
issue relates to attorney’s fees.  Specifically,
that the trial court erred in awarding Morales attorney’s fees relative to his
LIBS and SIBS claims.  Dallas National
argues that attorney’s fees cannot be awarded when a claimant initiates a
contest of the Division’s[10]
findings, but only when the carrier initiates such a contest.  Dallas National argues that neither Tex.Lab.Code Ann. § 408.147(c) nor 28 Tex.Admin.Code § 130.108(e)(2), both
cited by Morales in his Motion for Approval of Attorney’s Fees and Expenses,
support his position that attorney’s fees should have been awarded.

            Morales argues that the
Division initially found that he was entitled to SIBS, contending that “[i]n
the present case, Appellant acknowledges that the Commission made the initial determination
that Morales was entitled to SIBS. Appendix 1.”

            The Texas Labor Code
provides for awards of attorney’s fees in certain circumstances relating to a
claimant obtaining SIBS.  Tex.Lab.Code Ann. § 408.147.  For purposes of this case, the relevant
portion of the statute provides:

(c) If an insurance carrier disputes the
commissioner’s determination that an employee is entitled to supplemental
income benefits or the amount of supplemental income benefits due and the
employee prevails on any disputed issue, the insurance carrier is liable for
reasonable and necessary attorney’s fees incurred by the employee as a result
of the insurance carrier’s dispute and for supplemental income benefits accrued
but not paid and interest on that amount, according to Section 408.064.  Attorney’s fees awarded under this subsection
are not subject to Sections 408.221(b), (f), and (i).

 

Tex.Lab.Code Ann. § 408.147(c).

            This
section is an exception to the general rule that attorney’s fees in a workers’
compensation case are payable out of the claimant’s recovery.  See Travelers
Indem. Co. of Conn. v. Mayfield, 923 S.W.2d 590, 593 (Tex. 1996).

The plain language of the Texas
Administrative Code clearly sets out that the Division is responsible for
determining a claimant’s eligibility for the first quarter, see 28 Tex.Admin.Code
§ 130.103(a), while the carrier is responsible for determination of
entitlement for subsequent quarters.  28 Tex.Admin.Code § 130.104 (West 2012).  According to the statutory provisions set out
in the Texas Administrative Code, the Division must have made the initial
entitlement determination in order for subsequent quarters, including the fifth
quarter, to be delegated to Dallas National. 
Because the Division made an initial determination that Morales was
entitled to SIBS, we may consider his attorney’s fees claim.

            Dallas
National contends that the issue of attorney’s fees under Section 408.147(c) is
well-settled in this Court, citing Homes
Ins. Co. v. Garcia, 74 S.W.3d 52. 60 (Tex.App.--El Paso 2002, no pet.)(“The
statute is clear and unambiguous that attorney’s fees are recoverable when the
insurance carrier disputes a commission finding. There is no provision for the
recovery of attorney’s fees when the employee disputes a commission finding.”).
 See
also Tex. Mut. Ins. Co. v. Baker, 292 S.W.3d 798, 803 (Tex.App.--Fort Worth
2009, no pet.)(citing Garcia “In this
case, it is the employee . . . who has contested the Commission’s initial and
continued determination that she was not entitled to SIBs. In cases like this
one, we agree with our sister court in El Paso that when an employee disputes
the Commission’s finding and there has never been an initial determination by
the Commission that the employee is entitled to SIBs, there exists ‘no provision
for the recovery of attorney’s fees [under 408.147(c) ].’”).  Dallas National’s argument is that because the
contested matters held at the Division and heard before the Panel were decided
against Morales, that Morales disputed the commission finding and is therefore
not entitled to attorney’s fees pursuant to Section 408.147(c).

            However, as Morales
notes, both trial courts and the Division have construed Section 408.147(c) and
determined that the term, “commission determination” means the “commission’s
initial determination of eligibility for SIBs” with respect to the first
compensable quarter.  See Liberty Mutual Ins. Co. v. Montana,
49 S.W.3d 599, 602 (Tex.App.--Fort Worth 2001, no pet.)(finding attorney’s fees
proper even though hearing officer and Appeals Panel rulings were adverse to claimant),
citing Tex. Workers’ Comp. Comm’n.,
Appeal No. 950534, 1995 WL 365614, at*4 (May 19, 1995).  As the Montana
court noted, the Commission later broadened its holding to “conclude that when
the Commission initially determines that the claimant is entitled to SIBs and
an insurance carrier challenges a claimant's entitlement to SIBs for subsequent
quarters, the requirement that the carrier is disputing a ‘commission
determination’ is satisfied.”  Montana, 49 S.W.3d at 602.

            In the Montana and Baker cases, our sister courts of appeal interpreted Section 408.147(c)
and drew the following distinction: an award of attorney’s fees is permitted in
cases where the Commission initially determined that an employee was eligible
for SIBS and the carrier challenged eligibility for a subsequent compensable
quarter, see Montana, 49 S.W.3d at
604, while finding error in an award of attorney’s fees where the claimant challenged
both the initial and continuing determination that the employee was not
eligible for SIBS.  See Baker, 292 S.W.3d at 803.

            The record in the
instant case is that the initial determination of SIBS was not challenged by
Morales: instead, Dallas National challenged a subsequent quarter of
eligibility for SIBS.  This is closer to
the facts of Montana.  The determination challenged was not the
initial determination of entitlement, or the “commission determination” of the
first quarter pursuant to 28 Tex.Admin
Code § 130.103(a).  The award of
attorney’s fees in the instant case is supported.  Dallas National’s fifth issue is overruled.

CONCLUSION

Having overruled each of the issues
presented by Dallas National, the judgment of the trial court is affirmed.

 

 

December
27, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.











[1]
Effective September 1, 2005, the Texas Workers’ Compensation Commission is now
the Texas Department of Insurance, Workers’ Compensation Division.  See Tex.Lab.Code
Ann. § 402.001 (West 2006 and Supp. 2012).

 





[2]
As noted in Plaintiff’s Exhibit 1, the “qualifying period” for the fifth
quarter was April 12, 2007 through July 11, 2007.  The fifth quarter itself dated from July 25,
2007 to October 23, 2007.  Morales’
action was in response to Dallas National’s denial of SIBS during the fifth
quarter.





[3]
The deposition testimony appears in the exhibit list of the reporter’s record,
marked with an asterisk indicating for “Appellate purposes only.”

 





[4]
“Radiculopathy” is defined as “irritation of or injury to a nerve root (as from
being compressed) that typically causes pain, numbness, or weakness in the part
of the body which is supplied with nerves from that root.”  Merriam–Webster Online Dictionary, available
at http://www.merriam-webster.com/dictionary/radiculopathy (last visited Dec.
2, 2012).





[5]
Dallas National did not direct this Court
to any authority on these standards of review in its brief, nor did it identify
any authority or record citations in support of its second, third, or fourth
issues, apart from Muro, the Texas
Labor Code, and cases discussed in Muro.  Texas Rule of Appellate Procedure 38.1(i)
states that an appellant’s “brief must contain a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the
record.”  Tex.R.App.P. 38.1(i).  Furthermore,
as a general rule, an appellate court will not consider an issue raised by an
appellant where the appellant fails to provide any legal argument to support
his claim.  See Hamilton v. Williams, 298 S.W.3d 334, 337 (Tex.App.--Fort Worth
2009, pet. denied).  This is so because an
issue unsupported by citation to any legal authority presents nothing for the
court to review.  AMX Enters., L.L.P. v. Master Realty Corp., 283 S.W.3d 506, 525
(Tex.App.--Fort Worth 2009, no pet.). 
While Dallas National did not provide this Court with any legal
authority in support of its argument on the first two issues, it did provide
citations to the record, and in the interest of justice we consider the
arguments made in issues one and two.





[6]
Tex.Lab.Code
Ann. §§ 401.001-506.002 (West
2006 and Supp. 2012).





[7]
Rather than rejecting Burdine, as
Dallas National contends, the Supreme Court distinguished it:  “[t]his evidence of an injury to a body part
enumerated in the statute distinguishes Burdine
from the present case.”  Muro, 347 S.W.3d at 276.





[8]
“‘Injury’ means damage or harm to the physical structure of the body and a
disease or infection naturally resulting from the damage or harm.”  Tex.Lab.Code
Ann. § 401.011(26).





[9]
Counsel for Dallas National objected to two questions in the jury charge, but
did not object to the jury instruction discussed in the argument raised in its
brief on this point.





[10]
The case law refers to the “Commission” and is used by both parties in their
briefs.  See footnote 1.